The Honorable Barbara J Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

3S NETWORK, INC., a California Corporation,
Plaintiff and Counterclaim Defendant

v.

ZENISCO, INC., California Corporation; SHAHROKH RIAHINEZHAD and his SPOUSE and their MARITAL COMMUNITY, SHAHROOZ TAEBI and his SPOUSE and their MARITAL COMMUNITY, INDIVIDUAL JOHN and JANE DOES 1-20, and DOE ENTITIES 1-20, Defendants,

v.

SAIED DANESH and the marital community of SAIED and JANE DOE DANESH, and RAMIN DELAVARI, DELAVARI IMMIGRATION SERVICES, Third-Party Defendants.

Case No. 2:21-cv-00971-BJR

DEFENDANT SHAHROKH RIAHINEZHAD'S MOTION TO REMAND

I.      RELIEF REQUESTED

Defendant Shahrokh Riahinezhad ("Mr. Riahinezhad") moves this Court to remand this lawsuit to the Superior Court for the County of King, Washington. Jeffery Wheat ("Mr. Wheat"), who is not currently a party in the action, removed this case to federal court to delay and derail the state court proceedings. As a non-party, Mr. Wheat cannot remove the action; as a third-party defendant, his client cannot do so; and his Notice of Removal is procedurally

DEFENDANT SHAHROKH RIAHINEZHAD'S
MOTION TO REMAND –1 (2:21-CV-00971-BJR)

MULLAVEY, PROUT, GRENLEY & FOE, LLP
2401 NW 65TH
P.O. BOX 70567
SEATTLE, WA 98127-0567
(206) 789-2511
FAX: (206) 789-4484

defective.  As such, remand is necessary.

Further, Mr. Riahinezhad seeks attorneys' fees and costs associated with the improper removal of this matter to federal court.

## II.     CERTIFICATION OF CONFERRAL

The undersigned counsel for Mr. Riahinezhad certify that, on August 10, 2021, they met and conferred in good faith with Scott McKay, counsel for Plaintiff 3S Network, Inc. and Third-Party Defendants Saied Danesh; and Jeffery Wheat, counsel for Third-Party Defendants Ramin Delavari and Delavari Immigration Services. Counsel were not able to reach an agreement to resolve this matter without Court action.

## III.    PROCEDURAL HISTORY

Mr. Riahinezhad does not dispute the procedural history set forth in the "Third Party [*sic*] Defendant's Notice of Removal to Federal Court under Federal Question Jurisdiction 28 U.S.C §§ 1441 & 1446" ("Removal Notice"), ECF No. 2 at 2-3, but with one critical exception: Mr. Riahinezhad has not named the Delavari Parties' attorney, Jeffery Wheat, as a party.

Mr. Riahinezhad added third-party defendants Ramin Delavari and Delavari Immigration Services (collectively, "the Delavari Parties") as parties in the state court action in his First Amended Counterclaims and Third-Party Claims ("FAC"), which he filed on March 19, 2021. ECF No 11-5 at 221-258.  The FAC was served on the Delavari Parties on April 18, 2021.  ECF No. 11-5 at 277-283.  The only remaining claims—and the only claims brought against the Delavari Parties—when Mr. Riahinezhad filed his FAC were under the federal Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1589, and the federal Racketeer

DEFENDANT SHAHROKH RIAHINEZHAD'S
MOTION TO REMAND –2 (2:21-CV-00971-BJR)

MULLAVEY, PROUT, GRENLEY & FOE, LLP
2401 NW 65TH
P.O. BOX 70567
SEATTLE, WA  98127-0567
(206) 789-2511
FAX: (206) 789-4484

Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1964. Plaintiff 3S's claims against Mr. Riahinezhad and others previously had been dismissed. ECF No. 2 at 2-3.

When, starting on July 6, 2021, the Delavari Parties, though Mr. Wheat, threatened Mr. Riahinezhad and Mr. Riahinezhad's wife with immigration consequences, including deportation to Iran, if they did not dismiss their third-party claims against the Delavari Parties, Mr. Riahinezhad sought expedited leave to file his Second Amended Counterclaims and Third-Party Claims ("SAC"). Specifically, Mr. Riahinezhad sought to expedite the state court's consideration of his motion to amend because "[s]hortening time is necessary to allow Mr. Riahinezhad to move for a preliminary injunction enjoining Delavari from following through on his improper threats, based upon the new cause of action for injunctive relief stated in the amended third-party claims." Mot. for Order Shortening Time, ECF No. 11-5 at 297-306 (filed July 9, 2021). *See also* Reply in Supp. of Mot. for Leave to Amend Countercl. and Third-Party Claims, ECF No. 11-6 at 35-43 (leave to amend was sought "in part to allow Riahinezhad to present a motion for preliminary injunction preventing Delavari and Delavari's counsel from making improper threats against Riahiniezhad."). The state court granted both the motion to shorten time, ECF No. 11-6 at 66-68 (Order) and the motion to amend, ECF No. 11-6 at 88-90 (Order). The SAC was docketed on July 19, 2021. ECF No. 11-6 at 91-141.

In his SAC, Mr. Riahiniezhad modified his TVPA and RICO allegations to incorporate claims against the Delavari Parties (not Mr. Wheat) related to these threats. The SAC also added related claims under the Washington Criminal Profiteering Act, R.C.W. §§ 9A.82.60 and 9A.81.100; and state claims for abuse of legal process and intentional infliction of emotional distress. Finally, as noted above, the SAC added a prayer for injunctive relief.

DEFENDANT SHAHROKH RIAHINEZHAD'S
MOTION TO REMAND –3 (2:21-CV-00971-BJR)

MULLAVEY, PROUT, GRENLEY & FOE, LLP
2401 NW 65TH
P.O. BOX 70567
SEATTLE, WA  98127-0567
(206) 789-2511
FAX: (206) 789-4484

Presumably anticipating the preliminary injunction motion, and in an effort to delay those proceedings, Mr. Wheat frivolously removed this case to federal court *the day after Mr. Riahiniezhad's SAC was docketed*, falsely identifying himself as a third-party defendant.

### IV. ARGUMENT

**A. There is a Strong Presumption Against Removal.**

In the Ninth Circuit, there is a strong presumption against removal, such that the defendant seeking removal "'always has the burden of establishing that removal is proper.'" *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992)). Therefore, federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Mr. Wheat's Notice of Removal was improper in multiple respects. Therefore, in light of the heavy presumption against removal,[1] remand of this case to state court is necessary.

**B. Jeffery Wheat, as a Non-Party, Cannot Remove this Lawsuit to Federal Court.**

It is axiomatic that a non-party cannot remove a case to federal court. *See, e.g., Thomas v. Powell,* No. C10-53 MJP, 2010 WL 1849080, at *2 (W.D. Wash. May 7, 2010). Indeed, "[t]o interpret 'defendant' to include non-parties would produce an absurd result and would contravene more than 65 years of jurisprudence that has only allowed removal by

---

[1] Even if Mr. Riahinezhad had the burden of proving the impropriety of removal, he would prevail due to the egregious deficiencies in Mr. Wheat's notice and his lack of standing to seek removal in the first place. That the burden lies with Mr. Wheat makes this the need for remand all the more pronounced.

DEFENDANT SHAHROKH RIAHINEZHAD'S
MOTION TO REMAND –4 (2:21-CV-00971-BJR)

MULLAVEY, PROUT, GRENLEY & FOE, LLP
2401 NW 65TH
P.O. BOX 70567
SEATTLE, WA  98127-0567
(206) 789-2511
FAX: (206) 789-4484

'defendants' to claims asserted by a plaintiff." *Id.* (quoting *In re Notice of Removal Filed by William Einhorn*, 481 F.Supp.2d 345 (D.N.J.2007))

Jeffery Wheat, counsel for the Delavari Parties, falsely identifies himself as a third-party defendant in his removal notice and seeks removal on his own behalf.  ECF No. 2 at 2.  However, Mr. Wheat is not currently a party in this action. As such, he cannot remove the case to federal court.  The case should be remanded to state court on this basis alone.

### C.  A Third-Party Defendant Cannot Remove a Lawsuit to Federal Court.

Even if Mr. Wheat were seeking removal on behalf of the Delavari Parties as third-party defendants, rather than on his own behalf, removal would be improper, as third-party defendants cannot invoke the removal statute.  *See Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1750, 204 L. Ed. 2d 34, reh'g denied, 140 S. Ct. 17, 204 L. Ed. 2d 1172 (2019) ("a third-party counterclaim defendant is not a 'defendant' who can remove under [28 U.S.C.] § 1441(a).").  Therefore, the case should be remanded to state court.

### D.  The Notice of Removal is Procedurally Defective.

Mr. Wheats Notice of Removal does not comply with two requirements set forth in the federal statute governing the procedure for removal of civil actions, 28 U.S.C. § 1446(b):

- *Lack of consent*.

The removal statute mandates that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The Notice of Removal does not indicate all defendants, let alone any other parties, joined or consented to the removal.  Therefore, even if Mr. Wheat could remove the case to federal court as a non-party or the Delavari Parties could remove it as third-party defendants—which they

DEFENDANT SHAHROKH RIAHINEZHAD'S
MOTION TO REMAND –5 (2:21-CV-00971-BJR)

MULLAVEY, PROUT, GRENLEY & FOE, LLP
2401 NW 65TH
P.O. BOX 70567
SEATTLE, WA  98127-0567
(206) 789-2511
FAX: (206) 789-4484

cannot—removal should be denied and the case remanded to state court. *See, e,g., Longacre v. Meyers,* 744 F. App'x 452, 453 (9th Cir. 2018) (unpublished) (citing *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009)).

- *Removal was not timely filed.*

A defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Mr. Riahinezhad filed his First Amended Counterclaims and Third-Party Claims ("FAC"), wherein he first added the Delavari Parties as a third-party defendant, on March 19, 2021. The FAC alleged claims against the Delavari Parties under the federal TVPA, 18 U.S.C. § 1589 and the federal RICO, 18 U.S.C. §§ 1961-1964. Notice of Removal, ECF No. 2 at 2. The FAC, therefore, was the initial pleading by which the federal court could have subject matter jurisdiction over Mr. Riahinezhad's claims against the Delavari Parties. The Delavari Parties were properly served with the summons and FAC on April 18, 2021. ECF No. 11-5 at 277-283. Therefore, even if Mr. Wheat or the Delavari Parties could otherwise remove this suit to federal court (again, they cannot), they would have needed to file a notice of removal within 30 days of receiving service of the FAC; the first pleading by which "federal question jurisdiction was apparent." *Williams v. Ruan Transp. Corp.*, No. 1:13-CV-01157-LJO, 2013 WL 5492205, at *4 (E.D. Cal. Oct. 2, 2013), report and recommendation adopted, No. 1:13-CV-01157-LJO-SA, 2013 WL 5708454 (E.D. Cal. Oct. 18, 2013). However, Mr. Wheat filed his notice of removal on July 20, 2021; 93 days after he was first served with the first pleading alleging federal claims against the Delavari Parties.

DEFENDANT SHAHROKH RIAHINEZHAD'S
MOTION TO REMAND –6 (2:21-CV-00971-BJR)

MULLAVEY, PROUT, GRENLEY & FOE, LLP
2401 NW 65TH
P.O. BOX 70567
SEATTLE, WA 98127-0567
(206) 789-2511
FAX: (206) 789-4484

That Mr. Riahinezhad added bases for his federal claims in his subsequently-filed Second Amended Counterclaims and Third Party Claims does not restart the 30-day clock. "'If a case is removable from the outset, it must be removed within the initial thirty-day period specified by § 1446(b); subsequent events do not make it 'more removable' or 'again removable'.'" *Id.* (quoting *Samaura v. Kaiser Foundation Health Plan, Inc.*, 715 F.Supp. 970, 972 (N.D.Cal.1989) and *Hubbard v. Union Oil Co.*, 601 F.Supp. 790, 795 (S.D.W.Va.1985)).

For these reasons, the Notice of Removal was not timely filed.

### E. Mr. Riahinezhad Should Recover his Attorneys' Fees Associated with Opposing Removal.

The federal removal statute allows the Court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Though an award of costs and attorneys' fees would not be proper if the removing party had "'an objectively reasonable basis for removal,'… a frivolous removal action that provides no basis for removal is not objectively reasonable." *Connor v. Bart Guerrero Trucking*, No. C19-0897-JCC, 2019 WL 3025205, at *2 (W.D. Wash. July 11, 2019) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) and citing *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008).

In this case, Mr. Wheat removed the case though he was not a party in the lawsuit. On this basis alone, an award of expenses, including attorneys' fees, is warranted. *See Thomas v. Powell,* No. C10-53 MJP, 2010 WL 1849080, at *3 (W.D. Wash. May 7, 2010) (where non-party improperly removed action, party opposing removal "should not have to bear the cost of defending this improper removal"); *cf. Est. of Tolmakov v. Freedom Holding Corp.*, No. 2:21-

DEFENDANT SHAHROKH RIAHINEZHAD'S
MOTION TO REMAND –7 (2:21-CV-00971-BJR)

MULLAVEY, PROUT, GRENLEY & FOE, LLP
2401 NW 65TH
P.O. BOX 70567
SEATTLE, WA  98127-0567
(206) 789-2511
FAX: (206) 789-4484

CV-201 TS, 2021 WL 1688541, at *2 (D. Utah Apr. 29, 2021) (attorneys' fees awarded because, *inter alia*, removal by counterclaim defendant was not permitted and notice of removal was not timely filed).

That Mr. Wheat filed his Notice of Removal days after he learned his client would be facing a preliminary injunction motion arising out of Mr. Wheat's conduct suggests not only that his attempt at removal was frivolous, but also that it was done in bad faith to delay the state court proceedings. Unfortunately, the removal has done just that. Attorneys' fees should be awarded on this basis. *See Doglietto v. AT Sys. W., Inc.*, No. CIV.S-05-2269LKK/DAD, 2006 WL 194447, at *3 (E.D. Cal. Jan. 24, 2006) (awarding attorneys' fees in improper removal where "defendant has engaged in bad faith intended to delay adjudication of the merits of plaintiffs' claims."); *cf. Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005) ("The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party…").

Mr. Riahinezhad therefore is entitled to reimbursement of expenses, including attorneys' fees, associated with opposing the removal of this action to federal court. The undersigned counsel therefore request leave to submit a declaration of fees and costs following the Court's adjudication of this motion.

## V.   CONCLUSION

For the reasons set forth herein, Mr. Riahinezhad respectfully requests that the Court remand this action to the Superior Court for the County of King, Washington and award Mr. Riahinezhad expenses, including attorneys' fees, associated with opposing removal of this

DEFENDANT SHAHROKH RIAHINEZHAD'S
MOTION TO REMAND –8 (2:21-CV-00971-BJR)

MULLAVEY, PROUT, GRENLEY & FOE, LLP
2401 NW 65TH
P.O. BOX 70567
SEATTLE, WA  98127-0567
(206) 789-2511
FAX: (206) 789-4484

1  action to federal court.

2      Respectfully submitted this 17th day of August, 2021.

3
4
5
6
7
8
9

                                            */s/ Daniel Werner*
                                            Daniel Werner
                                            Georgia Bar No. 422070
                                            *Admitted pro hac vice*
                                            dan@decaturlegal.com
                                            RADFORD & KEEBAUGH, LLC
                                            315 W. Ponce de Leon Ave.
                                            Suite 1080
                                            Decatur, Georgia 30030
                                            (678) 271-0300

10
11
12
13
14
15
16
17

                                            */s/ Daniel A. S. Foe*
                                            Daniel A. S. Foe
                                            Washington State Bar No. 42876
                                            dfoe@ballardlawyers.com
                                            MULLAVEY, PROUT, GRENLEY
                                                   & FOE, LLP
                                            2401 NW 65TH
                                            P.O. Box 70567
                                            Seattle, WA 98127-0567
                                            (206) 789-2511

                                            *Attorneys for Defendant*
                                            *Shahrokh Riahinezhad*

18
19
20
21
22
23
24
25
26

DEFENDANT SHAHROKH RIAHINEZHAD'S
MOTION TO REMAND –9 (2:21-CV-00971-
BJR)

MULLAVEY, PROUT, GRENLEY & FOE, LLP
2401 NW 65TH
P.O. BOX 70567
SEATTLE, WA  98127-0567
(206) 789-2511
FAX: (206) 789-4484

# DECLARATION OF SERVICE

I declare under penalty of perjury of the laws of the state of Washington that on the date of execution, below, I caused to be served in the manner indicated a true and accurate copy of the foregoing *DEFENDANT SHAHROKH RIAHINEZHAD'S MOTION TO REMAND* upon the following:

| | |
|---|---|
| **Scott McKay**<br>Law Office of Scott McKay<br>3614 California Ave SW Ste A<br>Seattle, WA 98116-3780<br>scottjmckay@hotmail.com | ☐ By First Class U.S. Mail Postage Prepaid<br>☐ By Email<br>☒ By WAWD CM/ECF |
| **Jeffery M. Wheat**<br>Cisneros Wheat Legal PLLC<br>1201 3rd Ave, Ste 22-120<br>Seattle, WA 98101<br>Jeff@wheatlegal.com | ☐ By First Class U.S. Mail Postage Prepaid<br>☐ By Email<br>☒ By WAWD CM/ECF |

Dated this 17th day of August 2021.

MULLAVEY PROUT GRENLEY & FOE, LLP

*/s/ Daniel A. S. Foe*
Daniel A. S. Foe
2401 NW 65th Street
PO Box 70567
Seattle, Washington 98127
dfoe@ballardlawyers.com

DEFENDANT SHAHROKH RIAHINEZHAD'S
MOTION TO REMAND –10 (2:21-CV-00971-BJR)

MULLAVEY, PROUT, GRENLEY & FOE, LLP
2401 NW 65TH
P.O. BOX 70567
SEATTLE, WA  98127-0567
(206) 789-2511
FAX: (206) 789-4484