The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 3S NETWORK, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> ZENISCO, INC., *et. al.*, <br><br> Defendants, <br><br> v. <br><br> SAIED DANESH, *et. al.*, <br><br> Third-Party Defendants. | NO. 2:21-cv-971 <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO REMAND AND AWARDING ATTORNEYS' FEES AND COSTS** |

## I.   INTRODUCTION

On July 20, 2021, non-party Jeffrey Wheat, counsel for third-party defendants, filed a Notice of Removal on his own behalf, apparently believing—mistakenly—that he had been named as a third-party defendant in this lawsuit. *See* Notice of Removal, Dkt. No. 2 at 2 ("PLEASE TAKE NOTICE that Third Party Defendant Jeffery Wheat files this Notice of Removal pursuant to 28 U.S.C. §§ 1441, and 1446."). Currently before the Court is a Motion to Remand filed by Defendant Shahrokh Riahinezhad, seeking remand of this matter to King County Superior Court, from which it was removed. Having reviewed the motion, the opposition

ORDER GRANTING MOTION
TO REMAND AND AWARDING
FEES AND COSTS

- 1

thereto, the record of the case, and the relevant legal authority, the Court hereby grants the motion.

## II. BACKGROUND

On May 20, 2019, 3S Network, a California corporation, filed a lawsuit in Washington state court against Riahinezhad and several other defendants, asserting various state-law claims. On March 19, 2020, after Plaintiff's claims had been dismissed, Riahinezhad filed the First Amended Counterclaims and Third-Party Claims, naming Ramin Delavari and Delavari Immigration Services as third-party defendants. Riahinezhad alleged violations of the Trafficking Victims Protection Act (TVPA) and the Racketeer Influenced and Corrupt Organizations Act (RICO), among other claims.

Based on the newly added federal causes of action, Jeffery Wheat, counsel for the third-party defendants, removed the lawsuit on July 20, 2021 to the Western District of Washington under 28 U.S.C. §§ 1441 and 1446. Wheat did so not on behalf of his clients, but on his own behalf, apparently believing that he had been added as a third-party defendant. However, Wheat was not at the time, and still is not, a party to this lawsuit.

Defendant Riahinezhad filed a Motion to Remand on August 17, 2021 claiming that Wheat did not have the authority to remove this lawsuit, either on his own behalf, or on behalf of his clients as third-party defendants. The Motion to Remand also highlights several procedural defects in the Notice of Removal, and seeks an award of attorneys' fees and costs associated with this motion. In his opposition to the Motion to Remand, Wheat objects to remand and also asks the Court to dismiss Riahinezhad's claims against the third-party defendants.

ORDER GRANTING MOTION
TO REMAND AND AWARDING
FEES AND COSTS

- 2

### III. DISCUSSION

**A. Wheat Lacks Authority to Remove This Matter From State Court, and Removal Was Procedurally Defective**

Several principles provide guidance concerning the propriety of the Notice of Removal in this case. First, third-party defendants cannot remove a case, as they do not fall under the meaning of "defendant" for the purposes of the removal statute. *Home Depot U.S.A., Inc. v. Jackson*, 139 S.Ct. 1743, 1749 (2019)("[A] third-party counterclaim defendant is not a "defendant" who can remove under § 1441(a)."). Second, it is axiomatic that non-parties are not permitted to remove a case to federal court. Nothing in the removal statute authorizes an entity, other than "the defendant or defendants," to remove a case to federal court. 28 U.S.S. § 1441(a); *see In re Notice of Removal Filed by William Einhorn*, 481 F. Supp. 2d 345, 348 (D.N.J. 2007) ("To interpret "defendant" to include non-parties would produce an absurd result and would contravene more than 65 years of jurisprudence that has only allowed removal by "defendants" to claims asserted by a plaintiff."). Third, a defendant may not remove a case to federal court under § 1441(a) unless all properly joined defendants consent to removal. 28 U.S.C. § 1446(b)(2)(A); *see Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986). Fourth, a notice of removal must be filed within 30 days after initial service of the pleadings that purportedly give rise to federal court jurisdiction. 28 U.S.C. § 1446(b)(2)(B). Finally, the party seeking removal has the burden of establishing that such action is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

ORDER GRANTING MOTION
TO REMAND AND AWARDING
FEES AND COSTS

- 3

The removal Wheat attempted to effect fails to meet any of these requirements. Wheat is not a party to this lawsuit, a fact he does not deny. Furthermore, even if he had filed the Notice of Removal on behalf of his clients and not on his own behalf, removal would be improper, as the statute does not authorize a third-party defendant to remove a case. Furthermore, consent of all defendants is required, and Riahinezhad—who filed this motion to remand—clearly did not consent to removal. Finally, Wheat did not attempt to remove this case within the statutorily mandated 30-day time period, but filed his Notice of Removal over 90 days after service of Riahinezhad's First Amended Counterclaims, which contained the federal claims. *See* 28 U.S.C. § 1446(b)(2)(B). For all of these reasons, the removal was improper and remand is required.[1]

### B. Riahinezhad Is Entitled to Attorneys' Fees

Moving Defendant Riahinezhad seeks an award of attorneys' fees and costs associated with filing this Motion to Remand. Under the removal statute, a party opposing removal may be entitled to an award of attorneys' fees associated with a remand motion, if the removing party lacked an "objectively reasonable basis for removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Connor v. Bart Guerrero Trucking*, No. C19-0897-JCC, 2019 WL 3025205, at *2 (W.D. Wash. July 11, 2019). Removal is not unreasonable "solely because the removing party's arguments lack merit," but an action that does not provide a basis for removal is not objectively reasonable. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008); *Connor v. Bart Guerrero Trucking*, Case No. C19-0897-JCC, 2019 WL 3025205, at

---

[1] Because the Court is remanding this case, it declines to consider Wheat's request for dismissal or transfer of the claims against the third-party defendants; in addition, the request is also improperly made, as "a request for a court order must be made by motion," not embedded in an opposition brief. Fed. R. Civ. P. 7(b)(1).

ORDER GRANTING MOTION
TO REMAND AND AWARDING
FEES AND COSTS

- 4

*2 (W.D. Wash. July 11, 2019) (finding removal not reasonable because it was clearly prohibited by the statute under the forum defendant rule).

Removal of this case was not objectively reasonable, as it lacked grounding in the removal statute and relevant caselaw. The frivolous removal was procedurally defective on its face on multiple levels, as outlined above, requiring Defendant to file this Motion to Remand. Further compounding the problem, Wheat failed to withdraw the Notice even after Defendant pointed out to him that it was defective and removal was improper. *See* Mot. to Remand at 2, Certification of Conferral. In his opposition to remand, Wheat fails even to address, let alone dispute, Riahinezhad's entitlement to an award of attorneys' fees and costs associated with this motion, which the Court concludes is appropriate.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Remand is GRANTED. In addition, Defendant's request for an award of attorneys' fees and costs associated with filing this Motion to Remand is also GRANTED. Defendant shall file a declaration in support of an attorneys' fee award within five days of issuance of this order.

DATED this 20th day of December, 2021.

_Barbara J. Rothstein_
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING MOTION
TO REMAND AND AWARDING
FEES AND COSTS

- 5